**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond, on Thursday, the 8th day of February, 2013.

Emmett H. Harmon, Chief of the James
City County Police Department, et al.,                    Appellants,

  against   Record No. 121118
         Circuit Court No. CL2012-50

Adam L. Ewing,                                            Appellee.

Upon an appeal from a judgment rendered by the Circuit Court of the City of Williamsburg and James City County.

Upon consideration of the record, briefs, and argument of counsel, we are of the opinion that there is reversible error in the judgment of the circuit court. For the reasons explained below, the judgment is affirmed in part, reversed in part, and the case is remanded.

## I. Background

This petition concerns a request submitted by Adam L. Ewing to the James City County Police Department (Department) pursuant to the Virginia Freedom of Information Act, Code § 2.2-3700 et seq. (VFOIA), regarding information and records relating to Ewing's arresting officer, Ryan S. Shelton.

On December 20, 2011, Ewing's counsel submitted a VFOIA request to the Department seeking: all criminal incident information from 2011 incidents in which Ryan Shelton was the

1

investigating officer or was otherwise involved; the names of individuals, other than juveniles, arrested or charged by Shelton or by other officers based on information supplied by Shelton in 2011; and records concerning Shelton kept pursuant to Code § 15.2-1722, including any personnel records or conduct investigation records.

On December 21, the Department responded by releasing the criminal incident report for Ewing only, noting that there were no records relating to the second item because this request pertained to information not consolidated into a record, and stating that any records regarding conduct investigation would be in Shelton's personnel file and would thus be withheld pursuant to Code § 2.2-3705.1(1). On January 4, 2012, the Department in an email clarified that it "unintentionally misread" the first portion of the request when it provided only records relating to Ewing's arrest, and agreed to provide approximately 47 criminal incident reports involving Officer Shelton from 2011. The Department indicated that its position on the personnel documents and identity information remained unchanged.

Ewing then petitioned for a writ of mandamus requiring the production of all of the requested documents. The circuit court found in favor of Ewing and ordered the Department to produce the identities of individuals arrested and charged by or on the

2

information of Shelton and to produce all records concerning Shelton kept pursuant to Code § 15.2-1722, including personnel records. The circuit court further awarded costs and fees in the amount of $5,206. The Department now appeals.

## II. Discussion

### A. Personnel Documents

The Department declined Ewing's request to produce personnel records or conduct investigative records, stating that all such records were contained in personnel files and citing Code § 2.2-3705.1(1). Code § 2.2-3705.1(1) exempts from VFOIA disclosure any "[p]ersonnel records containing information concerning identifiable individuals," except for production to the individual who is the subject thereof or in the case of waiver by that individual.

Ewing claims that, under Code § 2.2-3706 (entitled "Disclosure of Criminal Records"), subsections (G) and (I) combine to exempt personnel files of law enforcement officers from this provision. These subsections read as follows:

> G. Records kept by law-enforcement agencies as required by § 15.2-1722[1] shall be subject to the provisions of this chapter except that those portions of noncriminal incident or other investigative reports or materials that contain identifying information of a personal, medical or financial nature may be withheld where the release of

---

[1] Code § 15.2-1722 provides for, among other things, the keeping of personnel records by law enforcement agencies.

3

> such information would jeopardize the safety or privacy of any person.

> . . . .

> I.  In the event of conflict between this section as it relates to requests made under this section and other provisions of law, this section shall control.

Ewing argues that Code § 2.2-3706(G) is in conflict with Code § 2.2-3705.1 (entitled "Exclusions to application of chapter; exclusions of general application to public bodies"). Specifically, he argues that the personnel record exemption of Code § 2.2-3705.1(1) conflicts with Code § 2.2-3706(G), which requires that all applicable records, including law enforcement personnel records, are subject to VFOIA.  This conflict, Ewing concludes, invokes the "trumping" provision of subsection (I) of Code § 2.2-3706, rendering personnel records of law enforcement officers available to the public under VFOIA.

No such conflict exists, however.  Code § 2.2-3706(G) requires that applicable records shall be subject "to the provisions of this chapter."  (Emphasis added.)  The provisions of "this chapter," that is, all of VFOIA, include not only the disclosure provisions of VFOIA but also the exclusion provisions of the chapter set forth in Code § 2.2-3705.1.  In the absence of a conflict, there is no reason to involve Code § 2.2-3706(I) in the analysis.  Personnel records covered by subsection (G) are, like all public personnel records, subject to the protections of Code § 2.2-3705.1(1).  The

4

request for personnel records and for information found therein was thus appropriately refused by the Department, and this Court reverses that portion of the order requiring their disclosure.

B.    Information as to Identities of Persons

Ewing also requested the identities of all individuals, other than juveniles, arrested or charged by Officer Shelton or by another officer based on information supplied by him.  The Department denied his request, and the circuit court ordered production.  The Department appeals, arguing that this is a request for "information," not documents, and therefore exempt from VFOIA.

Code § 2.2-3706(C) provides that "[i]nformation in the custody of law-enforcement agencies relative to the identity of any individual, other than a juvenile, who is arrested and charged, and the status of the charge or arrest shall be released."  As the plain language of the statute compels the production of "information" as to the "identit[ies]" of individuals, the Department's position that all information requests are per se exempt from VFOIA is untenable.

The remaining question for the Court is whether the "information" requested is subject to disclosure under Code § 2.2-3706.  The statute does not indicate any impediment to using the name of the arresting officer paired with a reasonable timeframe as the vehicle for a request under subsection (C).  The statute thus

5

requires the production of Ewing's requested information as to identities of individuals arrested <u>by</u> Officer Shelton.  The Department may furnish copies of arrest records or produce the information via another appropriate format.[2]

Under a plain reading of this statute <u>as a whole</u>, however, it is clear that the latter portion of Ewing's request – concerning identities of individuals arrested based on Officer Shelton's information or observations – seeks information that is exempt from disclosure.  Subsection (A) of Code § 2.2-3706 specifically distinguishes "criminal incident information," subject to VFOIA under the provisions of this section, from "criminal investigative files," which are exempt under subsections (D) and (F)(1) of the same statute.  Subsections (D) and (F) specifically exempt information pertaining to witnesses, criminal investigative techniques, or criminal investigative files generally.  Arrests occurring merely on Shelton's "information" or with him serving as a witness, for which Shelton has not signed or been otherwise designated as the arresting officer, fall into the category of criminal investigative files and are exempt under these provisions.

---

[2] <u>See</u> Code § 2.2-3704(D) ("Subject to the provisions of subsection G, no public body shall be required to create a new record if the record does not already exist.  However, a public body may abstract or summarize information under such terms and conditions as agreed between the requester and the public body.").

The Court therefore orders the production, via either copies of original documents or other acceptable format, of identities of individuals arrested by Officer Shelton but not the identities of individuals for which he was not the arresting officer, regardless of information supplied by him or his presence as a witness relating to those arrests.  As it is unclear from the record of this case whether arrest warrants signed by Shelton are duplicative of the Department's previous production of criminal incident reports responsive to Ewing's first request, the Court orders the circuit court to ensure production of any non-redundant identity information in accordance with this order.

### C.   Attorneys' Fees

Finally, the Department challenges the award of attorneys' fees in this case under Code § 2.2-3713(D), which states:

> The petition shall allege with reasonable specificity the circumstances of the denial of the rights and privileges conferred by this chapter.  A single instance of denial of the rights and privileges conferred by this chapter shall be sufficient to invoke the remedies granted herein.  If the court finds the denial to be in violation of the provisions of this chapter, the petitioner shall be entitled to recover reasonable costs, including costs and reasonable fees for expert witnesses, and attorneys' fees from the public body if the petitioner substantially prevails on the merits of the case, unless special circumstances would make an award unjust.  In making this determination, a court may consider, among other things, the reliance of a public body on an opinion of the Attorney General or a decision of a court that substantially supports the public body's position.

As the determination of "special circumstances" lies in the sound discretion of the trial court, this issue is remanded in light of the several holdings in favor of the Department on this appeal.  The circuit court must reconsider whether to award attorneys' fees and, if so, the appropriate quantum.

III.  Conclusion

The judgment is accordingly affirmed in part, reversed in part, and the case is remanded.  This order shall be published in the Virginia Reports and shall be certified to the said circuit court.

A Copy,

Teste:

Patricia L. Harrington, Clerk

8